**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                          |     |                          |
|--------------------------|-----|--------------------------|
| LATOYA HOLMES,           | *   |                          |
|                          | *   |                          |
| Plaintiff,               | *   |                          |
|                          | *   |                          |
| v.                       | *   | Civil No. 25-3238-BAH    |
|                          | *   |                          |
| NEWREZ, LLC,             | *   |                          |
|                          | *   |                          |
| Defendant.               | *   |                          |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff LaToya Holmes ("Plaintiff"), proceeding pro se, brought suit against NewRez, LLC ("Defendant") alleging a violation of the automatic bankruptcy stay under 11 U.S.C. § 362. ECF 1. Pending before the Court is Defendant's motion to dismiss (the "Motion"). ECF 18. Plaintiff filed an opposition, ECF 19, and Defendant filed a reply, ECF 21. All filings include memoranda of law.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Defendant's Motion is **DENIED**.

## I.   BACKGROUND

Plaintiff alleges that she filed a Chapter 13 bankruptcy petition in October of 2022. ECF 1, at 1, 3. In April of 2023, the Bankruptcy Court ordered "an automatic stay," and Plaintiff "gained back possession of her home" at 2831 East Northern Parkway in Baltimore, Maryland (the "Property"). *Id.* at 2. The Bankruptcy Court's order provided that "a portion of the amount due on the home would be in [Plaintiff's] bankruptcy plan" and that Plaintiff was to "begin making

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

payments directly to [Defendant] beginning April of 2023." *Id.* Plaintiff asserts that she "made payments every month via certified funds." *Id.* Nevertheless, Plaintiff alleges that Defendant's authorized brokerage, Northrup Realty, and authorized realtor, Daniel Register, "continued foreclosure actions" in violation of the automatic bankruptcy stay. *Id.*

In addition to Defendant, Plaintiff asserts that Northrup Realty, Long & Foster, Daniel Register, the law firm McCalla Raymer Liebert Pierce, LLC, the Maryland Real Estate Commission, and the National Association of Realtors are also "vicariously liable" for her claims.[2] *Id.* at 4–5. Plaintiff seeks damages in the amount of $500 Million. *Id.* at 5. In addition to damages, Plaintiff requests "revocation of Daniel Register's real estate license," "Northrup Realty's brokerage license," and "Long & Foster's brokerage license." *Id.*

## II.    **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" along with a "demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[2] None of these individuals or entities are named as defendants in this action. ECF 1, at 1.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for a more definite statement focuses on whether a party has "enough information to frame an adequate answer." *Streeter v. SSOE Sys.*, Civ. No. WMN-09-cv-1022, 2009 WL 3211019, at *10 (D. Md. Sept. 29, 2009) (internal citation and quotation marks omitted). However, such a motion must also be considered "in light of the liberal pleading standards of Rule 8(a)." *Hubbs v. Cty. of San Bernardino, CA*, 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2008). When a "defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement." *Potts v. Howard Univ.*, 269 F.R.D. 40, 42 (D.D.C. 2010) (quoting *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 725 (7th Cir. 1986)).

Because Plaintiff brings this suit pro se, the Court must liberally construe her pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for h[er], nor is a district court required to recognize 'obscure or

3

extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, Civ. No. 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); and then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

## III.    ANALYSIS

Plaintiff alleges that Defendant violated the automatic bankruptcy stay under 11 U.S.C. § 362 by continuing foreclosure actions on the Property after Plaintiff filed for Chapter 13 bankruptcy. ECF 1, at 1. Defendant moves to dismiss the complaint or, alternatively, for a more definitive statement of the pleadings. ECF 18-1, at 5–7. Defendant first argues that the complaint should be dismissed because it "fails to contain a short and plain statement showing that Plaintiff is entitled to relief" under Federal Rule of Civil Procedure 8(a). ECF 18-1, at 5. Next, Defendant argues that Plaintiff fails to state a claim under Rule 12(b)(6) because the complaint "fails to identify what claim(s) it is bringing" and "fails to allege the elements of any such claim(s)." *Id.* at 6.

"[T]he filing of a bankruptcy petition operates immediately to stay creditors from pursuing certain enumerated collection actions against the debtor or the debtor's estate." *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 480 (4th Cir. 2015) (citing 11 U.S.C. § 362(a)). "This automatic stay is 'one of the fundamental debtor protections provided by the bankruptcy laws.'" *Id.* (quoting S. Rep. No. 95–989, at 54 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5840). "'It gives the debtor a breathing spell from his creditors' and 'stops all collection efforts, all harassment, and all foreclosure actions.'" *Id.* at 480–81 (quoting the same). The automatic bankruptcy stay prohibits, *inter alia*, "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the

4

commencement of the case under this title;" "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1), (3), (6).

"If a creditor willfully violates the stay, a debtor may recover actual damages, including costs and attorneys' fees." *Palazzo v. Bayview Loan Servicing LLC*, Civ. No. DLB-20-2392, 2023 WL 2743357, at *4 (D. Md. Mar. 31, 2023) (citing 11 U.S.C. § 362(k)). To recover for this violation, a plaintiff must show: "(1) that a bankruptcy petition was filed, (2) that the debtors are individuals under the automatic stay provision, (3) that the creditors received notice of the petition, (4) that the creditor's actions were in willful violation of the stay, and (5) that the debtors suffered damages." *Brittner v. Beach Anesthesia, LLC*, No. 22-1511, 2023 WL 4146240, at *1 (4th Cir. June 23, 2023) (quoting *In re Warren*, 532 B.R. 655, 660 (Bankr. D.S.C. 2015)).

Defendant's assertion that the complaint "fails to identify or attempt to allege any cause of action" is incorrect. *See* ECF 18-1, at 5. Plaintiff plainly alleges Defendant, through its agents, "continued to enter [her] home" to carry out "foreclosure actions" in violation of the automatic bankruptcy stay. ECF 1, at 3. Plaintiff then requests monetary and injunctive damages for that alleged violation. *Id.* at 4–5. Even without applying the liberal construction this Court affords to pro se plaintiffs, Plaintiff's complaint includes "a short and plain statement of the claim" and "a demand for relief sought" in accordance with Federal Rule of Civil Procedure 8(a). That Plaintiff's allegations are purportedly "unsubstantiated" or that she "seeks unavailable relief," ECF 18-1, at 6, is of no moment. "In order to satisfy the pleading requirements of Rule 8, . . . a plaintiff need not prove h[er] case . . . by 'forecasting evidence.'" *Aloi v. Moroso Inv. Partners, LLC*, Civ. No. DKC-11-2591, 2013 WL 6909151, at *6 (D. Md. Dec. 31, 2013) (quoting *Bass v. E.I. DuPont de*

5

*Nemours & Co.*, 324 F.3d 761, 764 (4th Cir. 2003))). Rather, Plaintiff need only "minimally provide notice pleading" of her claims. *Keller v. Edwards*, 206 F.R.D. 412, 414 (D. Md. 2002). She has done so here.

Likewise, the Court concludes that dismissal under Rule 12(b)(6) is not warranted as Plaintiff has adequately alleged a violation of the bankruptcy stay. "A violation of the automatic stay is willful if the creditor knew of the automatic stay and intentionally performed the actions that violated the stay." *In re Rawles*, No. 07-23145-WIL, 2009 WL 2924005, at \*2 (Bankr. D. Md. June 18, 2009) (quoting *Ford Motor Credit Co. v. Hemsley (In re Bennett)*, 317 B.R. 313, 316 (Bankr. D. Md. 2004)). "Willfulness does not require the specific intent to violate the automatic stay, but only that the creditor knew of the stay and intentionally committed an act in violation of the stay." *In re Abell*, 549 B.R. 631, 676 (Bankr. D. Md. 2016) (citing *Citizens Bank of Maryland v. Strumpf*, 37 F.3d 155, 159 (4th Cir. 1994)). A foreclosure sale along with certain associated actions such as advertising for foreclosure are types of creditor actions stayed under 11 U.S.C. § 362. *Four Star Enters. Ltd. P'ship v. Council of Unit Owners of Carousel Ctr. Condo., Inc.*, 752 A.2d 1272, 1279 (Md. App. 2000); *see also In re McCrimmon*, 536 B.R. 374, 380 (Bankr. D. Md. 2015) ("As this court has observed, '[i]t is well established in this District that a foreclosure sale conducted in violation of the automatic stay of [11 U.S.C. § 362] is void.'" (quoting *In re King*, 362 B.R. 226, 233 (Bankr. D. Md. 2007))). Moreover, "[a] debtor may recover emotional damages under § 362(k)." *In re Ojiegbe*, 539 B.R. 474, 480 (Bankr. D. Md. 2015).

Here, Plaintiff claims she filed a Chapter 13 bankruptcy petition in October of 2022, and that she was a debtor under the automatic stay provision with respect to her assets, including the Property. ECF 1, at 1–2. Plaintiff plausibly alleges that Defendant had notice of the petition as it was under a court order that granted Plaintiff possession of the Property and allowed her to "make

payments directly to" Defendant "beginning April of 2023." *Id.* at 2. Plaintiff alleges that despite this purported knowledge of the bankruptcy order, Defendant engaged in willful acts such as "continuing foreclosure actions for over an entire year AFTER [her] bankruptcy was filed" and "put[ting] a family inside [Plaintiff's] home" in violation of the stay. *Id.* at 1–2 (capitalization in original). Finally, the complaint adequately alleges injury as Plaintiff claims she suffered "emotional distress and damage to her family's mental health" as a result of the violation. *Id.* at 4. Whether Plaintiff can prove these allegations and the exorbitant amount of claimed damages,[3] of course, remains to be seen. Nevertheless, at the 12(b)(6) stage of the case, the allegations plausibly plead that Defendant violated the bankruptcy stay. Defendants' motion to dismiss is therefore denied.

As an alternative to dismissal, Defendant moves for a more definite statement pursuant to Rule 12(e) and argues that "the Complaint is so vague and ambiguous that [Defendant] cannot reasonably prepare a response." ECF 18-1, at 7. "The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small. . . . the pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." *Barry v. EMC Mortg.*, Civ. No. DKC-10-3120, 2011 WL 2669436 (D. Md. July 6, 2011) (quoting 5C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1376). "[I]n other words, the pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss." *Id.* (quoting the same). The decision "whether to grant a motion for more definite

---

[3] The Court will certainly not be able to grant Plaintiff's requests for injunctive relief against various non-parties to this action. *See* ECF 1, at 5 (requesting "revocation of Daniel Register's realtor license, revocation of Northrop Realty's brokerage license, and revocation of Long & Foster's brokerage license"); *see also Jones-Eiland v. Jones*, Civ. No. JKB-20-3333, 2021 WL 3115924, at *1 (D. Md. July 22, 2021) ("In general, a court may not enter an order against nonparties." (quoting *Haizlip v. Alston*, Civ. No. LPA-14-0770, 2015 WL 8668230, at *1 (M.D.N.C. Dec. 11, 2015)).

statement is committed to the discretion of the district court." *Id.* (first citing 5C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1377; and then citing *Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998)).

Here, the Court does not find the complaint to be unintelligible or otherwise warranting a more definite statement. Plaintiff plainly seeks to plead, and indeed has successfully pled, a claim for violation of an automatic bankruptcy stay, pursuant to 11 U.S.C. § 362(k). Accordingly, Defendant's requested alternative relief of a more definite statement is denied.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss, ECF 18, is DENIED.

A separate implementing order will issue.

Dated: June 24, 2026

/s/
Brendan A. Hurson
United States District Judge

8